Chancellor D. Johnson
delivered the opinion of the cpurt.
The testator, after having given by bis will divers specific lega* cies to his relations and others, gives to his grandson, John, “ three Jourths of the residue” of his estate, to take the income only, and *154 if there should be other brothers by the came father and mother, they were to share with him the principal equally. The “ remainder one fourth,” ho gives to all the children of his two sisters, Ann Terry and Susan Harrison. By a codicil, annexed to the will, he directs, “ that the female children of my son, William M'Dowell, shall receive from n>y funds, not otherwise specifically appropriated, such aid and ¡resistance towards their education, as my acting exccutora may deem expedient and proper.” Under, those directions, tiro cum of six thousand dollars was, by an order of the court, at a preceding term, retained undor the control of the commissioner, and the interest applied to the support and educa, tion of Sarah and Sophia, two infant daughters of the said William M'Dowell. The capital sum to be subject to the further order of the court. Sarah has already attained the age of twenty-one years, and Sophia will attain that ago on. the 8th of July, 1831, of this present year, and both arc yet unmarried.
This was an application on the part of the children of Ann Terry tmd Susan Harrison, for a partition of the funds j- and the chancellor who presided in the court below, was pleased to order that th@ fund should be retained until July next, when Sophia will attain twenty-one years of age, and’ that Sarah should share with her the income, notwithstanding her being of full ago. From this order both parties have appealed. The applicants on the grounds, as I understand them, that Sarah and Sophia were not entitled to this provision under the will; and at any rate, it could not be extended beyond their respective majorities. On the part of Sarah and Sophia, it is insisted that the provision for them ought to be continued until they are respectively married.
The case has been submitted without argument, and I have not been able to conjecture on what the objection to any provision for Sarah and Sophia, is founded. The will of the testator is too clearly expressed in the codioil, to admit of any question, and the extent of it has been ascertained by the court. The fund out of which he intended it to be raised, is as clearly indicated by the terms, “ my funds not specifically appropriated,” excluding necessarily contributions from the specific legacies, and charging it on the whole residue, three fourths of which are devised to the grand, son, John, and the remaining one fourth to the children of Ann Terry and Susan Harrison.
The provision for Sarah and Sophia, under the description of female children of the testator’s son, William, is in “ aid and assistance towards their education,” without any lirnitation, with re *155 gard to the time when it was to cease; and this the court are called onto supply. Education being\the sole object of the donation, it follows, necessarily, that the legacy must cease when that object is attained, and not until then. If, therefore, it had appeared that these young ladies were still in the course of a regular education, suited to their condition in life, I incline to think that •the provision ought to be continued until it was completed, notwithstanding their having attained full age, and by the same rule, it ought to cease when that object is attained ; but on this subject there is no evidence. In this country, the instances in which fe. males continue to pursue a course of education after twenty-one, are very rare. I cannot recall to my recollection a single instance in which it has been continued up to that period. We know, indeed, that in a very great majority of the eases, the education of females is completed at a much earlier period; and when the tes. tator provided for the education of his grand-daughters, without limitation of time, it will be presumed that he did so with reference-to the well known usage of the country; and in the absence of proof, it may, I think, be fairly assumed, that the object will have been accomplished when they attain majority. The grounds of this motion, if I understand them correctly, concede the right of these parties to the provision up to that period ; and in the absence of any rule, I am disposed to adopt it in analogy to the rule by which the disabilities of infancy cease at that age. Let it be understood, however, that it is only intended to be applied in those cases where there is no -evidence, whether the education of the young ladies have, or have not, been' completed. Sarah having already attained full age, she is no longer entitled to her portion, and one half of the capital sum retained by the commissioner, is immedi. ately distributable, and the remaining one half will be on the eighth day of July next. '
Hunt, for motion.
DAVID JOHNSON.
The following order is made on the suggestion of the counsel:
It is, therefore, ordered, that the funds reserved for the maintenance of Sarah and Sophia, belonging to Terry and Harrison, be distributed and paid over, reserving a sum equal to the interest, on ©ne moiety of ths said sum, which will be due on-July, 1837, according to the principles of this decree.
DAVID JOHNSON.
We concur,
WILLIAM HARPER,'
J. JOHNSTON.